### FORRESTER v. LAWSON.

Evidence—Work and Labor—Value of Materials—Building and Construction Contracts.

> On the trial of an action for the contract price of certain tile floors laid by plaintiff, the testimony of an alleged expert, whose qualifications were not properly shown to testify to its value, that the cost of relaying the tile would be an amount named, and why the floor was not level, as it ought to be, was properly excluded as inadmissible, under proofs that did not show he had ever laid a floor of that kind of tile which was involved in the controversy.

Error to Muskegon; Sullivan, J. Submitted October 10, 1916. (Docket No. 111.) Decided December 21, 1916.

Assumpsit by George Forrester against Norman B. Lawson and another for work and labor done. Judgment for plaintiff on a directed verdict. Defendant Lawson brings error. Affirmed.

*Turner & Turner*, for appellant.

*Richard L. Newnham*, for appellee.

Kuhn, J. On November 18, 1912, the defendant entered into a contract with the plaintiff whereby the

plaintiff, who was engaged in the business of laying tile flooring, was to install tile floors in a building owned by the defendant and known as the Flatiron Building in the city of Muskegon. After the work was finished a bill for $864.38, the amount of the plaintiff's claim, was presented to defendant, who did not dispute the correctness of it, and who paid $500 thereon in two different instalments. Subsequently he refused to pay the balance, and suit was commenced against him.

Defendant pleaded the general issue and gave notice of recoupment, alleging that the tile had not been laid in a workmanlike manner, and that the floors were uneven and not level, and as a result the defendant had suffered damage necessitating the doing over of the work. On the trial after the proofs were in the trial court directed a verdict on motion made by plaintiff's attorney.

Appellant's assignments of error are practically based on the refusal of the court to admit the testimony of one Clinton Brown, a witness produced by the defendant, who testified that he was a building contractor and had some experience in laying tile floors. He was asked to state what it would cost to put the job in dispute, which he had examined, in a good and workmanlike condition, and also to state why, in his opinion, the floor was not level, which evidence was ruled out by the court. It is the claim of the plaintiff's counsel that the rulings were correct because it appeared from the record that the witness had not examined the work until two years after it had been completed, and it did not appear that he ever knew the value of the materials used or the cost of these floors; nor was it shown that it was necessary to re-lay them.

We do not think that there was error in excluding this testimony because it appears that he stated that

he had never laid the kind of a floor that was here in dispute, and that his sole experience in laying tile floors was in laying tile around fireplaces, which he admitted was a different kind of tile. It also appears that this tile floor was laid in a building that was entirely new, and that whatever unevenness occurred in the tile was caused by the natural shrinkage and expansion of the building. The plaintiff's testimony further shows that he called attention to the effect that the expansion around the steam pipes would have on the tiling and suggested what to do. Defendant, however, refused to follow his suggestions.

A proper foundation was not laid for the testimony of the witness Brown, and, there being no material disputed question of fact, the verdict was properly directed, and the judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.